**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BERNARD JENKINS,<br>                    Plaintiff,<br><br>           v.<br><br>SELECTIVE INS. CO. OF AMERICA,<br>                    Defendant. | **OPINION**<br><br>Civ. No. 14-4091 (WHW)(CLW) |

<u>**Walls, Senior District Judge**</u>

      This is one of many disputes over flood insurance coverage in the aftermath of Superstorm Sandy. Plaintiff did not serve Defendant with a copy of the summons and complaint within 120 days after filing, and the Court dismissed the action for exceeding the time limit for service. Now, a month after dismissal, Plaintiff moves for reconsideration under Rule 60(b), maintaining that the Court should reinstate the claim because the failure to serve was excusable neglect. After considering the four factors the Supreme Court established for determining whether Plaintiff's neglect was excusable, the Court grants Plaintiff's motion and reinstates the action.

**BACKGROUND**

      Plaintiff's complaint alleges as follows, in brief. Wind and flooding damaged Plaintiff's property on or about October 29, 2012. Compl. ¶ 14, ECF No. 1. Plaintiff submitted a claim

1

**NOT FOR PUBLICATION**

under a Standard Flood Insurance Policy issued by Defendant. *Id.* ¶¶ 12, 17. Defendant did not pay the full amount Plaintiff requested. *Id.* ¶ 19.

Plaintiff filed a complaint in this Court on June 26, 2014, claiming breach of contract and demanding declaratory relief. *Id.* at 6-7. Plaintiff never served Defendant with the summons or complaint. Decl. of Verne Pedro in Supp. of Pl.'s Mot. for Relief from Dismissal Under F.R.C.P. 60(b) ¶ 4, ECF No. 7-1 ("Pedro Decl."). On November 7, 2014, the Court issued a Notice of Call for dismissal under Fed. R. Civ. P. 4(m), as Plaintiff had not served Defendant within the required 120 days. ECF No. 5. Plaintiff did not respond. Pedro Decl. ¶ 6. The Court dismissed the action on November 18, 2014. ECF No. 6.

On December 12, 2014, Plaintiff moved for reconsideration of the dismissal under Fed. R. Civ. P. 60(b). Plaintiff's counsel apologized for the failure to timely serve Defendant, attributing it to administrative error in his office and taking full responsibility. *Id.* ¶¶ 6-7.

**STANDARD OF REVIEW**

A court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services v. Brunswick Assoc. Ltd. Partnership.*, 507 U.S. 380, 395 (1993); *see also In re Cendant Corp. PRIDES Lit.*, 235 F.3d 176, 182 (3d Cir. 2000) (noting application of *Pioneer* beyond bankruptcy rulings). The *Pioneer* court outlined four factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether

2

**NOT FOR PUBLICATION**

it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The Third Circuit has allowed Rule 60(b)(1) relief from a default judgment because the excusable neglect of counsel or a party prevented a claim from being adjudicated on its merits. *See Zawadski de Bueno v. Bueno Castro,* 822 F.2d 416, 417–18 (3d Cir. 1987) (finding attorneys' communications problems resulting in failure to respond to complaint to be Rule 60(b)(1) "excusable neglect" warranting relief from default judgment); *Carter v. Albert Einstein Med. Ctr.,* 804 F.2d 805, 806 (3d Cir. 1986) (granting Rule 60(b)(1) relief from a default judgment where counsel misled his client into believing he complied with discovery order); *Tozer v. Krause,* 189 F.2d 242, 244–45 (3d Cir. 1951) (finding failure to respond to complaint resulting from defendant corporation's failure to update its address for service of process to be Rule 60(b)(1) "excusable neglect" warranting relief from default judgment). In each case, the Third Circuit relied heavily on its preference that judgment be rendered on the merits rather than by default. *See Zawadski de Bueno,* 822 F.2d at 420; *Carter,* 804 F.2d at 806, 808; *Tozer,* 189 F.2d at 245.

## ANALYSIS

The Court evaluates Plaintiff's motion using the four factors identified in *Pioneer*. 507 U.S. at 395.

**The prejudice to the opposing party is unclear.**

The only potential prejudice to Defendant that could arise from reinstatement of this complaint, as opposed to allowing Plaintiff to refile, would involve the statute of limitations. It is unclear at this point whether reinstating the claim, as opposed to allowing Plaintiff to refile, will

3

implicate the one-year statute of limitations that governs the Standard Flood Insurance Policy. 42 U.S.C. § 4001 *et seq.*; *see also Lionheart Holding GRP v. Phila Contribution Ship Ins. Co.*, 368 F. App'x 282, 283 (3d Cir. 2010). There is no indication in the record as to whether the complaint was timely filed. Plaintiff's complaint does not specify the date of rejection of a claim for benefits, *see* Compl. ¶ 19, nor does it reference a rejection letter as an exhibit. Plaintiff does not specify the date of rejection in the present motion papers either. *See* Pedro Decl. ¶12 ("a dismissal . . . under Rule 4(m) *may* serve to bar Plaintiff's claim . . ." (emphasis added)).

If Plaintiff did not file the complaint within one year of the rejection of coverage, Defendant's affirmative defense of a statutory time bar, if raised, would be preserved, and the reinstatement of the complaint would cause Defendant no prejudice. Even if Plaintiff's claim had been filed timely, but would be untimely if refiled, this could weigh in favor of granting Plaintiff's motion. Courts have found that, if a plaintiff would violate the statute of limitations on refiling, this may justify extending a plaintiff's time to serve a complaint under Rule 4(m). *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995) (citing and interpreting Fed. R. Civ. P. 4(m) advisory committee's note (1993), and holding that a district court is permitted, but not required, to extend time for service of process under Rule 4(m) if a statute of limitations has run).

**The delay was brief, and had little if any impact on judicial proceedings.**

Plaintiff acted reasonably to remedy the dismissal, filing the present motion within one month. Plaintiff has not otherwise delayed the proceedings. *Compare Choi v. Kim,* 258 Fed. App'x. 413, 415 (3d. Cir. 2007) (denying Rule 60(b) motion, citing plaintiff's "failure to serve the defendant, the various failures to respond to the District Court's orders, the repeated delays

**NOT FOR PUBLICATION**

by [plaintiff's] counsel, and the failure of [plaintiff's] counsel to respond with 'reasonable haste' in opposing the call for dismissal.").

**The reason for the delay was simple negligence.**

Plaintiff's counsel admitted his negligence in failing to serve the summons and complaint. Pedro Decl. ¶ 7.

**There is no indication that the movant acted in bad faith.**

There is no indication of bad faith in the record. "[T]he lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *George Harms Const. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004) (citing *Pioneer*, 507 U.S. at 398).

**Collectively, the Factors Weigh in Favor of Granting the Motion**

Considering the clear preference in this Circuit for resolving cases on the merits, along with the lack of bad faith and the timely effort to remediate the failure to serve Defendant, the *Pioneer* factors collectively weigh in favor of reinstating Plaintiff's claim.

## CONCLUSION

Plaintiff's motion is granted. Plaintiff shall serve Defendant within 30 days.

DATE: 12/17/14

IT IS SO ORDERED:

_____
William H. Walls, U.S.D.J.
Senior United States District Judge

5